ENTERED
FILED_____   RECEIVED
_____ LOGGED_____

DEC 0 3 2020

CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

| | |
|---|---|
| **CASSANDRA WASHINGTON**<br>**912 Olive Branch Court**<br>**Edgewood, Maryland 21040**<br>**Harford County**<br>   **Plaintiff,** | *<br><br>*<br><br>* |
| **v.** | *<br><br>* |
| **SSC GLEN BURNIE OPERATING CO. LLC**<br>**d/b/a GLEN BURNIE HEALTH AND**<br>**REHABILITATION CENTER**<br>**1209 Orange Street**<br>**Wilmington, DE 19801**<br>   **Serve On:**<br>   **The Corporation Trust Inc.**<br>   **2405 York Road**<br>   **Suite 201**<br>   **Lutherville, MD 21093** | *<br><br>*<br><br>*<br><br>*<br><br>* |
| **Defendant.** | * |

**Civil Action No.:_____**

**Jury Trial Requested**

* * * * * * * * * * * *

## COMPLAINT

Plaintiff, Cassandra (hereinafter "Sandy" or "Plaintiff") Washington, files the instant complaint against her former employer, the Defendant SSC Glen Burnie Operating Co. LLC, d/b/a Glen Burnie Health and Rehabilitation Center, seeking monetary and other relief and states as follows:

## PARTIES

**Plaintiff**

1. Plaintiff, Sandy Washington, is an adult resident of the State of Maryland, Harford County.

2. Plaintiff began fulltime work for Defendants in approximately February 2016 in a variety of different capacities.

3. Plaintiff's last day of work for Defendants was approximately June 15, 2020.

4. Plaintiff was terminated by Defendants by telephone on July 31, 2020.

**Defendant**

5. Defendant is SSC Glen Burnie Operating Co. LLC d/b/a Glen Burnie Health and Rehabilitation Center (hereinafter "Glen Burnie").

6. Defendant contracts with SavaSeniorCare Administrative Services LLC (hereinafter "Sava") to provide services at Glen Burnie.

7. Sava is the fifth largest operator of nursing homes in the United States and has several facilities in Maryland.

8. Sava operates other nursing home facilities in other counties in Maryland including in Anne Arundel County, Baltimore County, Frederick County, Montgomery County, and Prince Georges County Maryland.

9. Defendant Glen Burnie operates under the company policies and procedures of Sava.

10. At all times relevant, Defendant was a "covered employer" of Plaintiff under 29 U.S.C. § 2611(4).

11. Defendant issued W-2s to Plaintiff in 2016, 2017, 2018, and 2019.

12. Glen Burnie issued Plaintiff an employee handbook, created by Sava, containing personnel policies and procedures, when her employment started with them in February 2016.

## FACTS

13. Plaintiff was hired by Defendant in February 2016 as a nurse and also in a variety of different capacities.

14. Plaintiff was paid an annual salary of $66,826 and additional compensation which brought it up to $76,960 in 2019.

2

**Facts Related to Defendant's FMLA Violations**

15. Plaintiff was employed by Defendant for over four (4) years when she became injured in 2020 due to an automobile accident.

16. Plaintiff worked at least 1250 hours during the last year of her employment.

17. Defendant employed over 50 employees within 75 miles of Plaintiff's worksite.

18. Plaintiff was an "employee" of the Defendant within the meaning of the FMLA, 29 U.S.C. § 2611.

19. Defendant was Plaintiffs' employer within the meaning of the term of the FMLA, 29 U.S.C. §2611(4)(A)(i).

20. Plaintiff suffered an injury due to an automobile accident in 2020.

21. After her automobile accident in 2020, Plaintiff informed Defendant that she was injured and was required to miss time from work.

22. Plaintiff's injuries were a serious health condition as defined by 29 C.F.R. § 825.115 because she was incapacitated for more than three (3) consecutive calendar days and received continuing treatment on two or more occasions.

23. Plaintiff provided Defendant with sufficient notice to alert them that the FMLA was applicable and they approved her request for FMLA leave in June 2020.

24. Defendant never inquired as to the severity of Plaintiff's medical condition and never inquired about how long Plaintiff would be incapacitated due to her serious health condition.

25. Defendant never requested that Plaintiff provide medical certifications or information about her serious health condition within five days of learning that Plaintiff needed FMLA leave in 2020, as required by 29 CFR § 825.305.

3

26. Defendant never provided Plaintiff with a designation notice that stated she would be required to present a fitness-for-duty certification to be restored to employment, or a list of the essential functions of her job, within five days of learning that Plaintiff needed FMLA leave as required by 29 CFR § 825.300(d)(3).

27. Defendant terminated Plaintiff in July 2020 in retaliation for Plaintiff's attempt to exercise her rights under the FMLA, including her right to return to her previous position without restrictions, which was in violation of numerous FMLA regulations, including but not limited to 29 CFR § 825.312 *et seq.*

28. Defendant willfully violated the FMLA by terminating Plaintiff's employment following her attempt to exercise her rights under the FMLA.

29. Defendant's violations of Plaintiff's FMLA rights were not done in good faith and Defendant did not have reasonable grounds for believing that their acts or omissions were not a violation of § 2615 of the FMLA.

## JURISDICTION & VENUE

30. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the claims of Plaintiff arise under the FMLA.

31. Venue is appropriate in this jurisdiction based upon the occurrence of the unlawful events, central to this lawsuit, within this District in the State of Maryland.

## VIOLATIONS OF THE LAW

### COUNT I – FMLA VIOLATION: INTERFERENCE, UNDER 29 U.S.C. § 2615

32. All allegations of the Complaint are expressly incorporated herein.

33. Plaintiff's injuries constituted a serious health condition requiring continuing treatment as defined by 29 CFR § 825.115.

4

34. Plaintiff provided sufficient information for Defendant to reasonably determine that the FMLA applied to her leave request.

35. Defendant interfered with Plaintiff's FMLA leave rights, under FMLA, 29 USC § 2614(a) in violation of Section 2615(a)(1) by: (1) failing to provide Plaintiff a designation notice that stated she would be required to submit to a fitness for duty certification before returning to work within five days of her approved FMLA leave in 2020; (2) failing to provide Plaintiff a designation notice that included a list of the essential functions of her job within five days of her approved FMLA leave in October 2013; (3) failing to have her own physicians complete a fitness for duty form as part of the Family and Medical Leave Act; (4)  refusing to permit Plaintiff to return to work in her previous position, pay Plaintiff, and reinstate her benefits; and (5) terminating the Plaintiff based on her insistence of her rights under the FMLA, including the right to return to her previous position or any other option.

36. Defendant's violations of Plaintiff's FMLA rights were willful, were not done in good faith, and Defendant did not have reasonable grounds for believing that its acts or omissions were not a violation of § 2615 of the FMLA.

37. Relief requested – Plaintiff requests that: (a) Defendant be ordered to pay her for lost wages and benefits; (b) she be awarded pre- and post-judgment interest; (c) she be awarded liquidated damages; (d) she be awarded reasonable attorney's fees and costs; (e) she be equitably awarded reinstatement;

## COUNT II - FMLA VIOLATION: RETALIATION, UNDER 29 U.S.C.  § 2615(a)(2)

38. All allegations of the Complaint are expressly incorporated herein.

39. Defendant intentionally fired Plaintiff in retaliation for Plaintiff's attempts to exercise her rights under the FMLA.

40. Defendant's unlawful, intentional retaliation against Plaintiff cost her lost wages and benefits.

41. <u>Relief requested</u> – Plaintiff requests that (a) Defendant be ordered to pay her for lost wages and benefits; (b) she be awarded pre- and post-judgment interest; (c) she be awarded liquidated damages; (d) she be awarded reasonable attorney's fees and costs; and (e) she be equitably awarded reinstatement.

Respectfully submitted,

Richard P. Neuworth – Bar No. 01052
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, MD 21204
tel. 443.273.1202
fax. 410.296.8660
rn@joblaws.net

Devan M. Wang – Bar No. 30211
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, MD 21204
tel. 410.273.1207
fax. 410.296.8660
dw@joblaws.net

*Attorneys for Plaintiff*

## **JURY DEMAND**

Pursuant to Fed. Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all

issues so triable.

Devan M. Wang – Bar No. 30211